58 So.2d 389

**STATE v. JOHNSON.**

No. 40661.

March 24, 1952.

L. Austin Fontenot, Sr., L. Austin Fontenot, Jr., Opelousas, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., E. Herman Guillory, Dist. Atty., Roland B. Reed, Asst. Dist. Atty., Ville Platte, for plaintiff-appellee.

FOURNET, Chief Justice.

Phillip Johnson, who was jointly charged in an indictment with one Joseph Wilson Beeler with the offense of simple burglary, but was tried alone, upon his conviction and sentence to serve six years in the State Penitentiary at hard labor prosecutes this appeal, relying on numerous alleged errors made during the course of the trial to

which timely objection was made and bills of exception reserved.

It appears that Beeler confessed to the crime of robbing the Deville Station and Club in Evangeline Parish, and signed a written statement to that effect implicating the defendant, out of the latter's presence, as his accomplice. Shortly thereafter, while free on bail, Beeler became a fugitive of the law but was captured and returned to the Parish of Evangeline and, on November 10, 1951, entered a plea of guilty (the record does not show whether he was sentenced before or after the trial of the defendant), at which time he contradicted his previous statements and declared publicly, within the hearing of the Judge, the District Attorney, and bystanders, that the defendant was not the person who had assisted him in the robbery. The defendant was brought to trial on November 19 following, and on the 21st he was found guilty. Of the nine bills of exception reserved, one (No. 5) has been abandoned; and for the sake of convenience the remaining eight are grouped according to the objection raised in each instance to the judge's ruling.

Over the defendant's objection to the evidence as hearsay and prejudicial, Bill of Exception No. 1 was reserved to the ruling of the Court in permitting the State witness, Sheriff Soileau, to testify concerning crimes of a similar nature committed in a nearby parish but at a date later than the date specified in the indictment, and in allowing him to state that upon Beeler's reapprehension and return to jail, the latter admitted to the Sheriff that he, Beeler, had committed these robberies, including the robbery for which defendant was being tried (admitted by the Court, according to the Judge's per curiam, to show a common scheme or plan). Based on the same objection, Bill of Exception No. 2 was reserved to the ruling of the Court in permitting the State witness, Deputy Sheriff Richard, to testify concerning what Beeler had told him in reconstructing the crime for which defendant was being tried (admitted by the Court as showing a basis for the arrest of defendant).

In spite of the defendant's objection that the witness had not proved hostile, having answered every question freely and without hesitation, nor had the district attorney been taken by surprise, being well aware that upon reapprehension Beeler had said openly that statements in his confession with respect to the defendant were untrue, the Court ruled (Bill of Exception No. 4) that the district attorney, who had called Beeler as a witness for the State, might cross-examine him as a hostile witness following Beeler's testimony that it was not the defendant who was with him at the time of the robbery of the Deville club, but one "Eddie," alias "Curley." The district attorney was permitted to question Beeler in detail about each statement in the confession wherein the defendant was named as participating in the robbery, and to

elicit admissions that the statements had previously been made by Beeler (admitted by the Court, according to the per curiam, for the purpose of impeaching the testimony of Beeler, a "hostile witness").

To further impeach or rebut the testimony of the witness Beeler the trial judge allowed, over the defendant's objection, (a) testimony of a State witness, Detective Harr of Galveston, to contradict Beeler's denial on the witness stand of having replied to the witness "I told that damn fool to get rid of those tools," after Detective Harr had told Beeler that at the time of the defendant's arrest he had found burglary tools in the back of defendant's car. This witness was also permitted to testify that there was no rooming house in the 900 block of 25th Street in Galveston, Texas, and to thus contradict Beeler's testimony that the reason for his having named the defendant in his confession as an accomplice was that they had had a disagreement over a girl, Juanita Gerald, who lived in a rooming house at the above location and worked for the telephone company in Galveston (Bill of Exception No. 7); and (b) testimony of another State witness, Deputy Sheriff Richard, to the effect that Richard had been advised upon calling the office of the telephone company at Galveston that no person bearing the name of Juanita Gerald had ever worked for the company there (Bill of Exception No. 8); according to the per curiam, admitted under Article 493 of the Code of Criminal Procedure, LSA–R.S. 15:493.

Bill of Exception No. 3 was based on the defendant's objection that the testimony sought to be elicited was the witness' opinion and prejudicial, and was taken to the ruling of the Court in permitting Deputy Sheriff Vidrine to testify that in his opinion, the robbery was committed by a person familiar with the interior of the club; that he knew the defendant was born and reared in the community where the crime was committed, and that after the safe was found on a nearby country road he learned, upon inquiry to the city police, that the defendant had been in town the night before in company with another man (admitted by the Court to show the reason for the arrest of the defendant).

The basis of defendant's objection in Bill of Exception No. 6 was his contention that the credibility of a witness offered by the defense could only be attacked by following the requirements of LSA–R.S. 15:491, that is, by showing that his general reputation was bad; and was reserved in connection with the testimony of a State witness, Deputy Sheriff Oster of Port Arthur, Texas, called to impeach the testimony of Jack Tyner, a defense witness, who had testified that the defendant, having engaged a cabin at Tyner's tourist court in Port Arthur, Texas, was to Tyner's personal knowledge in one of the cabins at the hour of the crime. Deputy Oster testified that he was well acquainted with the tourist court operated by Tyner and knew that it was frequented by underworld characters and by prostitutes—which had been denied by Tyn-

er. (Admitted by the Court, after proper foundation had been laid, to show the character of Tyner, defendant's alibi witness and the type of place operated by him, citing Articles 490, 492 and 493, Code of Criminal Procedure, LSA–R.S. 15:490, 15:492, 15:493.

Bill of Exception No. 9 was reserved to the Court's ruling in permitting a State witness, Deputy Sheriff Moon of Beaumont, Texas, to rebut the testimony of several defense witnesses as to the good character of the defendant in Evangeline Parish, by testimony that in and around Beaumont (the defendant had lived in Texas for a time) the defendant's reputation was bad —the defendant contending that his reputation in Texas could not be used to rebut testimony of his good reputation in Louisiana, his residence. (The Court considered this proper rebuttal evidence since the defendant had put his character at issue.)

■■■ With the exception of Bills Nos. 6 and 9, in which we find no error in the ruling of the trial judge, the bills of exception reserved by the defendant have merit. While the trial court, in allowing the testimony objected to in these several bills, conscientiously instructed the jury in each instance, and also in his charge, that such was not to be considered as evidence against the defendant, but only as evidence to impeach, contradict or rebut specific witnesses, to show a plan or scheme, or to establish a reasonable basis for the defendant's arrest—when considered in the light of the fact that the defendant was convicted largely if not entirely on circumstantial evidence, the testimony unquestionably was highly prejudicial and most damaging to the defendant's cause.

■■■ The opinion of Deputy Sheriff Vidrine (Bill No. 3) points the finger of suspicion to the defendant without supporting facts; testimony of crimes of a similar nature committed at a later date, admittedly by Beeler, the confessed perpetrator of the crime of which the defendant was jointly accused, was undoubtedly prejudicial (Bill No. 1); the Hearsay Rule was violated (Bill No. 2); and with particular reference to Bills of Exception Nos. 4, 7 and 8, the ruling of the trial judge was fatal. It is true that under the provisions of Article 487 of the Code of Criminal Procedure (LSA–R.S. 15:487), one is allowed an exception to the rule that one cannot impeach his own witness; however, this applies only when taken by surprise by the testimony of such witness, or when the witness shows hostility towards the person calling him, *"and, even then, the impeachment must be limited to evidence of prior contradictory statements."* (Emphasis supplied.) When the State was permitted to impeach the witness Beeler, not only did the district attorney, after Beeler admitted having made the statements contained in the confession, read the whole confession to the witness and elicit an affirmative admission after each sentence, but he was also allowed to further impeach his own witness, in direct

violation of the general provision of the above article and in a manner not included in the exception there permitted, by calling various persons to contradict other testimony given by Beeler on the witness stand during the course of the trial.

For the reasons assigned, the conviction and sentence are annulled and set aside and the case remanded for a new trial in accordance with law.